Alibe Lewis was convicted of murder, and he appeals. Reversed.

S. W. Gardiner, of Ville Platte, and John W. Lewis, of Opelousas, for appellant. R. G. Pleasant, Atty. Gen., and R. Lee Garland, Dist. Atty., of Opelousas (G. A. Gondran, of New Orleans, of counsel), for the State.

MONROE, C. J. The defendant being indicted for murder, filed a motion to quash the indictment on the ground that the grand jury that indicted him had been illegally drawn. His motion being overruled, he reserved a bill of exception. He was tried; the jury rendered a verdict of guilty without capital punishment; and he prosecutes this appeal from the verdict and sentence of imprisonment for life in the state penitentiary.

The issue presented and the facts of this case, except as to the crime charged and the sentence imposed, are precisely the same as stated in the opinion handed down this day in the case of State v. Robert Bain (No. 20682) 66 South. 196.[1] For the reasons assigned in that opinion, it is ordered that the conviction and sentence in this case be annulled and set aside, and that the case be remanded to be proceeded with according to law.

O'NIELL, J., dissents, filing as his opinion herein the dissenting opinion filed by him in the case of State v. Robert Bain (No. 20682) 66 South. 197.

════

(66 South. 199)

No. 20595.

TEAT v. LAND, District Judge.

In re TEAT.

(June 29, 1914.)

*(Syllabus by Editorial Staff.)*

JURY (§ 38*)—BARRING FROM SERVICE.

A summary order barring persons from serving as jurors, because they returned a verdict of acquittal, where it is thought by the public that there should have been a conviction, is void, no law authorizing it, even under the maxim salus populi suprema lex; it not being necessary, or useful, for exclusion of unfit jurors from juror service, and the infliction of punishment not being permissible, unless denounced by the Legislature, and unless preceded by trial.

[Ed. Note.—For other cases, see Jury, Cent. Dig. § 243; Dec. Dig. § 38.*]

Application by I. H. Teat for writs of mandamus and prohibition to John R. Land, Judge of the First Judicial District Court in

────────

[1] Ante, p. 776.

and for the Parish of Caddo. Mandamus granted.

Lewell C. Butler, of Shreveport, for applicant.

PROVOSTY, J. The respondent judge having made, and caused to be entered upon the minutes of his court, an order forever barring the relator from serving as a juror in the parish of Caddo, the relator unsuccessfully applied to him to rescind said order as being ultra vires and null, and now seeks, by the present proceeding, to have this court, under its supervisory power over inferior courts, direct the respondent to rescind said order. The court of the respondent is the First judicial district court of the state and the sole court having jurisdiction in the parish of Caddo, where the relator lives, of cases triable by jury.

The relator was one of the 12 jurors in the case of State v. Harvey S. Little and Anna Bond, His Wife. The verdict in this case was so different from what the public expected that a mass meeting was held at which the following resolutions were adopted:

"We confront a deplorable and intolerable situation that demands a remedy, and the remedy should be applied without delay and without favor. The facts are so stupendous, so bold, so astounding, that no right-thinking citizen can fail to see them and discern in them a significance that is appalling. These are the facts: High crime can be committed boldly in Caddo parish; human life can be taken, not in self-defense, nor in the hot passion of physical encounter, but with calmness and deliberation; a man can be shot down like a dog without a chance of defense or escape and without warning of his peril. Justice is invoked; the court assumes its responsibility; the trial is held before a jury; the verdict of acquittal is promptly returned; the law-living community is shocked beyond expression.

"It is not one instance only, but there are many instances, where justice has been violated and her plea has been unheeded. It has been an accumulation, with one instance boldly crowning all.

"We are not dumb, nor do we feel helpless, nor can we afford to remain passive. Therefore be it

"Resolved by the citizens of Caddo parish, in mass meeting assembled: It is the sense of this meeting, and it is hereby urged upon the court, that the names of the jurors, to wit, J. G. Hester, George Ray, W. E. Ross, I. H. Teat, Robert Moss, Fred Whitmeyer, A. K. Lide, G. W. Thomas, O. C. Merret, L. M. Caraway, J. W. Kent, and R. H. Browning, who tried the case of the State v. Harvey S. Little and His Wife, Anna Bond Little, indicted for the murder of J. J. Van Cleve, be inscribed upon the records of the court, and they shall be forever barred as jurors in Caddo parish, for the reason that by their verdict of acquittal they have caused to be liberated the aforesaid Little and his wife, when the state had proved their guilt beyond a doubt. Such a verdict can be viewed in no other light than as a gross miscarriage of justice and of law, which, in its effect, is an encouragement to others who may be inclined to take human life on the flimsiest of pretexts, relying upon their plea of self-defense or the so-called unwritten law in justification of their murderous deeds."

This mass meeting is said to have numbered some 3,000, and to have been composed of the best elements of the city of Shreveport and parish of Caddo, and to have been addressed by the leading citizens of that community, and we have no doubt, from the facts as stated by the respondent in his return, that its sense of outrage was fully justified; but we are constrained to hold that the remedy for the conditions thus complained of is not the one which our learned brother has adopted. We know of no law which authorizes such an order to be made. "Salus populi suprema lex" might be such a law, if such an order were necessary, or even useful, for the exclusion of unfit jurors from jury service; but it is not. It is not necessary, because our law has already made full and ample provision for the exclusion of unfit jurors; and it is not useful, because, if it stood as the sole authority for the exclusion of the relator as a juror, the relator could not be excluded. If the relator were excluded from some future trial, not because he was in fact an unfit person to serve on a jury, but because, whether he was fit or unfit, this order had legally disqualified him, the consequence would be that the verdict of the jury, from which the relator had thus been exclud-

ed, would, for the reason of this exclusion of the relator, have to be set aside. Hence this order can serve no useful purpose, so far as concerns the exclusion of the relator from future jury service.

The only purpose it could possibly serve would be to punish relator,. or to make of him an object lesson to future jurors; and it goes almost without saying that this cannot be done, in the absence of any law to authorize it. Under our law, punishment cannot be inflicted unless denounced by the Legislature and unless preceded by trial; and the law which invests all men with the inalienable rights of life, liberty, and the pursuit of happiness stands in the way of any person being thus summarily and autocratically made use of for the purpose of furnishing an object lesson to future jurors.

It is therefore ordered, adjudged, and decreed that a writ of mandamus issue to the Honorable John R. Land, judge of the First judicial district court in and for the parish of Caddo, directing and ordering him to rescind and cancel the order made by him on March 17, 1914, barring the relator herein, I. H. Teat, as a juror for the parish of Caddo.